IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
PIONEER HEALTH SERVICES, INC.[1]　　　　　　　　　NO. 16-01119-NPO
　　　　　　　　DEBTOR　　　　　　　　　　　　　　　CHAPTER 11

ANSWER AND RESPONSE TO MOTION TO COMPEL DEBTORS TO COMPLY
WITH APPLICABLE LAW REGARDING PATIENT RECORDS AND OTHER
DOCUMENTS, OR, IN THE ALTERNATIVE, TO COMPLY WITH 11 U.S.C. § 351

COMES NOW Pioneer Health Services, Inc.[1] (the "Debtor"), and files this its Answer and Response to *Motion to Compel Debtors to Comply with Applicable Law Regarding Patient Records and Other Documents, or, in the Alternative, to Comply with 11 U.S.C. § 351* (the "Motion") [DK #2779], filed herein by VCC Bank, formerly known as Community Capital Bank of Virginia, as Servicing Agent for VCC 08-05, LLC and Patrick County Real Estate, LLC (collectively, the "Movants"), and in support thereof, would respectfully show unto this Honorable Court as follows, to-wit:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

---

[1] On April 6, 2016, the bankruptcy cases of *Pioneer Health Services of Patrick County, Inc.*, No. 16-01120-NPO; *Pioneer Health Services of Newton County, LLC*, No. 16-01121-NPO; *Pioneer Health Services of Stokes County, Inc.*, No. 16-01122-NPO; *Pioneer Health Services of Choctaw County, LLC*, No. 16-01123-NPO; *Pioneer Health Services of Oneida, LLC*, No. 16-01124-NPO; and *Pioneer Health Services of Monroe County, Inc.*, No. 16-01125-NPO were administratively consolidated into the bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO. Debtor *Pioneer Health Services of Early County, LLC*, No. 16-01243-NPO, filed its Chapter 11 bankruptcy case on April 8, 2016. *Pioneer Health Services of Early County, LLC*, No. 16-01243-NPO was administratively consolidated into the "main" case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO, on April 15, 2016. Debtor *Medicomp, Inc.*, No. 16-01126, filed its Chapter 11 bankruptcy case on March 30, 2016. *Medicomp, Inc.* was administratively consolidated into the "main" case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO, on June 29, 2016. All of these cases are hereinafter referred to collectively as "the Debtor".

5. Admitted.

6. Debtor admits that Pioneer of Patrick County owned and operated a critical access hospital facility in rural southwest Virginia and that the hospital was run and managed by that entity. Debtor denies that it is still responsible for actively managing and addressing the wind down of the hospital because it is now closed and has been (upon information and belief) foreclosed upon the Movants.

7. Debtor admits its execution of the documents in Paragraph 7 of the Motion and that they speak for themselves.

8. Debtor admits its execution of the documents in Paragraph 8 of the Motion and that they speak for themselves.

9. Debtor admits its execution of the documents in Paragraph 9 of the Motion and that they speak for themselves.

10. Admitted.

11. Admitted.

12. Debtor admits Movants have contacted it on numerous occasions and that the Debtors have stated they lack sufficient funds to address the situation.

13. Denied on lack of knowledge, information or belief.

14. Admitted, in all likelihood. The Debtor maintained personnel at the hospital for a number of weeks after it closed for the purpose of providing patients access to their records and many patients obtained them, but Debtor doesn't have additional funds available to it so as to continue that service.

15. Denied on lack of knowledge, information and belief.

16. Admitted as to what Movants seek; denied as to entitlement thereto in light of the Debtor's lack of funds.

17. Admitted.

18. Debtor admits the noted authority speaks for itself.

19. Debtor denies the conclusions of law contained in Paragraph 19 of the Motion.

20. Debtor admits the noted authorities speak for themselves but denies the remaining allegations, inferences and conclusions contained in Paragraph 20 of the Motion.

21. Debtor admits the noted authorities speak for themselves but deny the remaining allegations, inferences and conclusions contained in Paragraph 21 of the Motion.

22. The Debtor has not sought to absolve itself of anything; but the simple fact remains (that the Movants choose to ignore) that the Debtor has no funds available to it to accomplish the results Movants seek, and it is now the Movants that have actual possession, custody and control of the physical records at the hospital - a result the Movants voluntarily undertook.

23. Debtor admits § 351 of the Bankruptcy Code speaks for itself.

24. Debtor admits the noted authority speaks for itself.

25. Debtor admits it has not complied with § 351 of the Bankruptcy Code and that it has not undertaken such actions to date. Affirmatively, Debtor has no funds available to it, nor the physical ability to accomplish the requirements of § 351 of the Bankruptcy Code.

26. The demands of Paragraph 26 of the Motion are denied. If the Debtor had funds with which to accomplish the relief sought by the Movants, it would have already done so. The funds are not available to the Debtor and the Debtor has no ability to make that point more clear than it already has done.

### Last Unnumbered Paragraph

Debtor denies the Movants are entitled to the relief demanded in the last unnumbered paragraph of the Motion or to other relief in the premises.

WHEREFORE, PREMISES CONSIDERED, Debtor respectfully prays that upon a hearing hereof, this Honorable Court will deny the Motion with prejudice. Debtor prays for general relief.

This the 12th day of January, 2018.

                                    Respectfully submitted,

                                    PIONEER HEALTH SERVICES, INC.

                                    By Its Attorneys,
                                    LAW OFFICES OF CRAIG M. GENO, PLLC

                                    By: /s/ Craig M. Geno
                                          Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
jnichols@cmgenolaw.com

N:\Firm Data\Users\Bankrupt\Pioneer Health\Pleadings\Ans,Resp to VCC M to Compel 1-17-18.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via email transmission and/or electronic filing transmission, a true and correct copy of the above and foregoing pleading to the following:

James A. McCullouogh, II
jamesmccullough@brunini.com

Patrick O. Gray, Esq.
patrick@watsonsewell.com

Ronald H. McAlpin, Esq.
ronald.mcalpin@usdoj.gov

J Trevor Johnston, Esq.
tjohnston@mcguirewoods.com

Robert E. Dozier, Esq.
robert.e.dozier@usdoj.gov

Kristina M. Johnson, Esq.
kjohnson@joneswalker.com

Sean C. Kulka, Esq.
sean.kulka@agg.com

Darryl S. Laddin, Esq.
dladdin@agg.com

Christopher J. Steiskal, Esq.
christopher.j.steiskal@usdoj.gov

Brian I. Swett, Esq.
bswett@mcguirewoods.com

Michel A. Condyles, Esq.
michael.condyles@kutakrock.com

THIS, the 17th of January, 2018.

Craig M. Geno