## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| PIONEER HEALTH SERVICES, INC.,[1] | : | CASE NO. 16-01119-NPO |
| ET AL. | : | |
| | : | JOINTLY ADMINISTERED |
| Debtors. | : | |

### LIMITED OBJECTION OF CAPITAL ONE, NATIONAL ASSOCIATION, TO MOTION TO ASSUME, AND TO ASSIGN, EXECUTORY CONTRACTS

Capital One, National Association ("CONA"), files this limited objection (the "Limited Objection") to Pioneer Health Services, Inc.'s (the "Debtor"), Motion for Authority to Assume, and to Assign, Executory Contracts (the "Motion"; Dkt. 2831). In support of this Limited Objection, CONA states as follows:

**I. Background**

1. At various times, the Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases have been administratively consolidated as set forth in footnote 1.

2. On November 16, 2017, the Debtor filed a motion (the "Sale Motion") to sell substantially all of its assets (the "Sale") free and clear of liens (Dkt. 2554).

---

[1] On April 6, 2016, the bankruptcy cases of *Pioneer Health Services of Patrick County, Inc.*, No. 16-01220-NPO; *Pioneer Health Service of Newton County, LLC*, No. 16-01121-NPO; *Pioneer Health Services of Stokes County, Inc.*, No. 16-01122-NPO; *Pioneer Health Services of Choctaw County, LLC*, No. 16-01123-NPO; *Pioneer Health Services of Oneida, LLC*, No. 16-01124-NPO; and *Pioneer Health Services of Monroe County, Inc.*, No. 16-01125-NPO were administratively consolidated into the bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO. On April 15, 2016, the bankruptcy case of *Pioneer Health Services of Early County, LLC*, No. 16-01243-NPO was administratively consolidated into the bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO. On June 29, 2016, the bankruptcy case of *Medicomp, Inc.*, No. 16-01126-NPO was administratively consolidated into the bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO. The Debtors in each of these cases are collectively referred to as the "Debtors."

3. On December 21, 2017, following competitive bidding on December 11, 2017, the court entered an order approving the Sale to Ascentium Healthcare Resources I, Inc. (f/k/a Lackey Healthcare Management, LLC, "Ascentium").

4. In connection with the Sale, Ascentium designated certain assets it requested that Debtor assume and to assign to Ascentium. The Court authorized such assumption and assignment in an order entered December 28, 2017 (Dkt. 2752).

5. On February 15, 2018, the Debtor filed the Motion, requesting, inter alia, authorization to assume certain contracts (the "Contracts") between the Debtor and PF2 EIS, LLC ("EIS"), and to assign such contracts to Ascentium pursuant to that certain Assignment and Assumption Agreement, dated as of February 9, 2018, by and among EIS, the Debtor, as assignor, and Ascentium, as assignee (the "Agreement"; Dkt. 2381, Ex. A).

**II.    Argument**

6. CONA objects to the Motion solely to the extent that the following issues with respect to the Contracts and/or the Agreement remain unresolved. Counsel for CONA has attempted to confer with counsel for the Debtor and other parties as to these issues on multiple occasions. Notwithstanding the good faith efforts of various counsel, counsel for CONA and has not been unsuccessful in obtaining detailed, definitive responses with respect to such issues.

7. First, it is not clear whether the current cash collateral budget and/or other projections for the use of cash in the Debtor's chapter 11 case include the cash expenditures, if any, necessary for the Debtor to comply with the Agreement.

8. Second, it is not clear whether the Debtor's discharge of its obligations under the Agreement would cause the Debtor to default under the transition services agreement to which it is a party in connection with the Sale or a default under the other transition services agreements

2

entered into in connection with other sales in the Debtors' bankruptcy cases. Similarly, it is not clear whether the Debtors' compliance with such transition services agreements collectively would cause the Debtor to default under the Agreement.

9. Finally, it is not clear how the Debtor's entry into the Agreement would impact the Debtors' projections for the collection of its and the other Debtors' remaining accounts receivable.

For the foregoing reasons, CONA requests that the Court condition any approval of the relief sought in the Motion on the clarification of the issues identified herein.

Respectfully submitted this 8th day of March, 2018.

**McGuireWoods, LLP**

/s/ Brian I. Swett
Brian I. Swett
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 698-4551
Email: bswett@mcguirewoods.com


*—and—*

/s/ Christopher H. Meredith
William H. Leech, MSB No. 1175
Christopher H. Meredith, MSB No. 103656
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (Zip—39157)
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626
bleech@cctb.com
cmeredith@cctb.com

*Attorneys for Capital One, National Association*

## CERTIFICATE OF SERVICE

Service provided via Notice of Electronic Filing (NEF) through ECF:

| | | |
|---|---|---|
| *Joseph L. Adams;* | *Douglas Andrew Goldstein;* | *John D. Moore;* |
| *William R. Armstrong, Jr.;* | *Patrick Gray;* | *Walter C. Morrison, IV;* |
| *Debra Devassy Babu;* | *G. Grant Greenwood;* | *John Leland Murphree;* |
| *Clay B. Baldwin;* | *Whitney Groff;* | *David Ronald Musgrove;* |
| *Jeffrey Ryan Barber;* | *Chad J. Hammons;* | *Walter A. Neely;* |
| *Charles F. F. Barbour;* | *A. E. (Rusty) Harlow, Jr.;* | *J. Walter Newman, IV;* |
| *R. Michael Bolen;* | *Derek A. Henderson;* | *Jarret P. Nichols;* |
| *John N. Bolus;* | *Robert T. Higginbotham, Jr.;* | *Douglas C. Noble;* |
| *David A. Bowling;* | *James J. Holman;* | *James W. O'Mara;* |
| *Victoria R. Bradshaw;* | *Thomas Cleveland James;* | *Evan N. Parrott;* |
| *Marc E. Brand;* | *Harriett Johnson;* | *Hiten Hasmukhlal Patel;* |
| *Robert Alan Byrd;* | *Kristina M. Johnson;* | *Scherrie L. Prince;* |
| *J. Mitchell Carrington;* | *Joe A. Joseph;* | *Jeff D. Rawlings;* |
| *Victoria M. Chamberlain;* | *Crane Davis Kipp;* | *Mark Dannel Ray;* |
| *Ollie Ancil Cleveland, III;* | *Sean C. Kulka;* | *James Eldred Renfroe;* |
| *Ryan K. Cochran;* | *Darryl Scott Laddin;* | *Sylvie Derdeyn Robinson;* |
| *Michael Allen Condyles;* | *Hanna Lahr;* | *Kevin A. Rogers;* |
| *John A. Crawford, Jr.;* | *John Lassiter;* | *Stephen W. Rosenblatt;* |
| *S. Carter Dobbs, Jr.;* | *Edward E. Lawler, Jr.;* | *Eileen N. Shaffer;* |
| *Robert E. Dozier;* | *L. Jackson Lazarus;* | *Jim F. Spencer, Jr.;* |
| *Robert L. Duston;* | *William J. Little, Jr.;* | *Larry Spencer;* |
| *Allison L. Feldstein;* | *Stephen T. Masley;* | *Olivia Spencer;* |
| *Heath Alan Fite;* | *Patrick F. McAllister;* | *Stephen Dean Stamboulieh;* |
| *Betty Ruth Fox;* | *Ronald H. McAlpin;* | *Christopher J. Steiskal, Sr.;* |
| *Stephen E. Gardner;* | *Robert L. McArty;* | *David Neal Usry;* |
| *Jeffrey K. Garfinkle;* | *Katherine M. McCraw;* | *Melanie T. Vardaman;* |
| *Gill Geldreich;* | *James A. McCullough, II;* | *J. Wilbourn Vise;* |
| *Craig M. Geno;* | *Stephanie Bentley McLarty;* | *Gregory J. Walsh;* |
| *Georgia Department of Community Health;* | *Watson Edward Meeks, Jr.;* | *Andrew R. Wilson;* |
| | *Margaret O. Middleton;* | *Marcus M. Wilson; and* |
| *Cody W. Gibson;* | *Gregory A. Moffett;* | *The Office of the US Trustee* |
| *Glenn E. Glover;* | *Richard A. Montague, Jr.;* | |

**THIS** the 8th day of March, 2018.

/s/ Christopher H. Meredith
Of Counsel

4