# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

PIONEER HEALTH SERVICES, INC.[1]                  NO. 16-01119-NPO
                                                  CHAPTER 11

DEBTOR

## OBJECTION OF THE UNITED STATES TO
## MOTION FOR AUTHORITY TO ASSUME,
## AND TO ASSIGN, EXECUTORY CONTRACTS

The United States of America (on behalf of the Internal Revenue Service) objects to the Motion for Authority to Assume, and to Assign, Executory Contracts (Doc. 2831) (the **Motion**") filed by Pioneer Health Services, Inc. ("**PHS**") as follows:

**I.    Background**

1.    On November 16, 2017, PHS filed a motion (the "**Sale Motion**") (Doc. 2554) seeking this Court's authorization to sell substantially all of its assets (the "**Sale**") free and clear of liens.

2.    Following competitive bidding on December 11, 2017, the Court on December 21, 2017, entered an Order (Doc. 2737) approving the Sale to Ascentium Healthcare Resources 1, Inc. (f/k/a Lackey Healthcare Management, LLC)("**Ascentium**").

---

[1] On April 6, 2016, the bankruptcy cases of *Pioneer Health Services of Patrick County, Inc.*, No. 16-01220-NPO; *Pioneer Health Service of Newton County, LLC*, No. 16-01121-NPO; *Pioneer Health Services of Stokes County, Inc.*, No. 16-01122-NPO; *Pioneer Health Services of Choctaw County, LLC*, No. 16-01123-NPO; *Pioneer Health Services of Oneida, LLC*, No. 16-01124-NPO; and *Pioneer Health Services of Monroe County, Inc.*, No. 16-01125- NPO were administratively consolidated into the bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO. On April 15, 2016, the bankruptcy case of *Pioneer Health Services of Early County, LLC*, No. 16-01243-NPO was administratively consolidated into the bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO.  On June 29, 2016, the bankruptcy case of *Medicomp, Inc.*, No. 16-01126 was administratively consolidated into No. 16-01119.  The Debtors in all of these cases are referred to collectively as the "**Debtors**" while Pioneer Health Services, Inc. is referred to individually as "**PHS**."

3. In connection with the Sale, Ascentium designated certain assets that it requested PHS assume and assign to Ascentium. The Court authorized this assumption and assignment of executory contracts in its Order entered on December 28, 2017 (Doc. 2752). The contracts assumed and assigned were listed in Exhibit A to this Order. In paragraph 9 of the Order, the Court incorporated this list into its Order.

4. On February 15, 2018, PHS filed the pending Motion by which PHS has requested that the Court authorize it to assume certain additional contracts between PHS and PF2 EI, LLC ("**EIS**") (as a wholly-owned subsidiary of Allscripts Healthcare, LLC and as successor in part to McKesson Technologies, Inc.) and assign these contracts to Ascentium. The assignment is to be effected under an Assignment and Assumption Agreement dated February 9, 2018, by and among EIS, PHS (as the assignor), and Ascentium (as the assignee)(Doc. 2831, Exhibit A)(the "**Assignment**" in which the contracts to be assumed are referred to as the "**Agreements**").

5. In paragraph 11 of its Motion, PHS has explained that the information and technology involved in the Agreements "will be of critical importance to the Debtor even after the sale of assets to Lackey [Ascentium] in that it will allow the Debtor to maintain adequate and appropriate books and records and it will assist the Debtor/Lackey in collection of accounts receivable going forward, even though the sale of assets from the Debtor to Lackey has been closed and consummated."

**II.    Argument**

6. The United States objects to the Motion solely to the extent that some issues regarding the Assignment and the Agreements to be assigned remain unresolved despite the good faith efforts of counsel to exchange information and definitively resolve these matters.

7. The unresolved issues are the following:

    (a) Whether EIS will require that PHS pay it any cure costs in connection with its assumption and assignment of the Agreements to Ascentium;[2]

    (b) Whether the current cash collateral budget agreed to by the United States and Capital One, National Association and/or other projections for the use of cash in the PHS's Chapter 11 case include the cash expenditures, if any, necessary for PHS to comply with the Assignment;

    (c) Whether PHS's performance of its obligations under the Assignment would cause PHS to default under the transition services agreement it agreed to in connection with the sale to Ascentium previously authorized by the Court or result in defaults under the other transition services agreements entered into in other sales in the Debtors' bankruptcy cases. Further, whether the Debtors' compliance with such transition services agreements collectively would cause PHS to default under the Assignment; and

    (d) How PHS's entry into the Assignment would affect PHS's projections of the amounts that will be collected from its and the other Debtors' remaining accounts receivable not sold in sales previously authorized by the Court, such amounts to be used in funding any liquidated plan proposed by the Debtors.

---

[2] Counsel for EIS has indicated that his client does not seek to collect any cure costs from PHS. The United States seeks to have this clarified on the record or in the Assignment itself.

WHEREFORE, having objected to the Motion, the United States requests that the Court condition any grant of the relief that PHS seeks by its Motion on the clarification and resolution of the issues identified in paragraph 7 above.

**March 8, 2018**                                    Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

/s/Robert E. Dozier

ROBERT E. DOZIER
Trial Attorney, Tax Division
Southern Region
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20001
Telephone: (202) 514-6073
Facsimile: (202) 514-9868
Email: robert.e.dozier@usdoj.gov

D. MICHAEL HURST, JR.
UNITED STATES ATTORNEY
Southern District of Mississippi

5

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Objection of the United States to Motion for Authority to Assume, and to Assign, Executory Contracts been made this EIGHTH day of MARCH, 2018, by filing a copy thereof in the ECF system maintained by the Clerk of the United States Bankruptcy Court for the Southern District of Mississippi by which service was made on all counsel of record registered in the ECF system, including but not limited to the following counsel for Pioneer Health Services, Inc.:

Craig M. Geno
cmgeno@cmgenolaw.com

/s/Robert E. Dozier
ROBERT E. DOZIER
Trial Attorney, Tax Division
U.S. Department of Justice