_____



**SO ORDERED,**

**Judge Neil P. Olack**
**United States Bankruptcy Judge**
**Date Signed: May 4, 2018**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**

| | |
|---|---|
| **PIONEER HEALTH SERVICES, INC.,**[1] | **CASE NO. 16-01119-NPO** |
| | **JOINTLY ADMINISTERED** |
| **DEBTORS.** | **CHAPTER 11** |
| **JOHN W. JAMISON, III IRREVOCABLE TRUST DATED APRIL 1, 1999** | **PLAINTIFF** |
| **VS.** | **ADV. PROC. NO. 18-00026-NPO** |
| **PIONEER HEALTH SERVICES, INC., PIONEER HEALTH SERVICES OF MONROE COUNTY, INC., AND BOA VIDA HOSPITAL OF ABERDEEN, MS., LLC** | **DEFENDANTS** |

---

[1] On April 6, 2016, the bankruptcy cases of *Pioneer Health Services of Patrick County, Inc.*, No. 16-01120-NPO; *Pioneer Health Services of Newton County, LLC*, No. 16-01121-NPO; *Pioneer Health Services of Stokes County, Inc.*, No. 16-01122-NPO; *Pioneer Health Services of Choctaw County, LLC*, No. 16-01123-NPO; *Pioneer Health Services of Oneida, LLC*, No. 16-01124-NPO; and *Pioneer Health Services of Monroe County, Inc.*, No. 16-01125-NPO were administratively consolidated into the lead bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO. The debtor, *Pioneer Health Services of Early County, LLC*, No. 16-01243-NPO, filed its chapter 11 bankruptcy case on April 8, 2016, and was administratively consolidated into the lead case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO, on April 15, 2016. The debtor, *Medicomp, Inc.*, No. 16-01126-NPO, filed its chapter 11 bankruptcy case on March 30, 2016, and was administratively consolidated into the lead bankruptcy case of *Pioneer Health Services, Inc.*, No. 16-01119-NPO, on June 29, 2016. In this Order, all of these debtors are referred to collectively as the "Debtors."

**ORDER SETTING RESPONSE DEADLINE
AND CONSOLIDATING MOTION OF JAMISON TRUST
FOR ENTRY OF AN ORDER ALLOWING AN ADMINISTRATIVE
EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A) AND § 507(a)(2)**

This matter came before the Court for a status conference on May 4, 2018, on the Motion of Jamison Trust for Entry of an Order Allowing an Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) and § 507(a)(2) (the "Motion") (Bankr. Dkt. 3007)[2] filed by John W. Jamison, III Irrevocable Trust Dated April 1, 1999 in the Bankruptcy Case. After considering the matter, the Court finds that a deadline should be set for filing a separate response to the Motion in the Bankruptcy Case. In addition, the Court finds that in the interest of judicial efficiency, the Motion and the response to the Motion should be consolidated with the Adversary.

IT IS, THEREFORE, ORDERED that the separate response to the Motion shall be filed on or before the deadline set forth in Rule 7012 of the Federal Rules of Bankruptcy Procedure for serving an answer to the Complaint (Adv. Dkt. 1) filed in the Adversary.

IT IS FURTHER ORDERED that the Motion and the separate response to the Motion are hereby consolidated with the Adversary.

##END OF ORDER##

---

[2] Citations to the record are as follows: (1) citations to docket entries in the above-referenced adversary proceeding (the "Adversary") are cited as "(Adv. Dkt. ____)"; and (2) citations to docket entries in the above-styled bankruptcy case (the "Bankruptcy Case") are cited as "(Bankr. Dkt. ____)".