# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: ) | |
| ) | |
| PIONEER HEALTH SERVICES, INC., ) | Case No. 16-01119-NPO |
| *et al.*,[1] ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF RESPONSE TO OBJECTION TO CLAIM 67

COMES NOW NICHOLAS T. KIPREOS (hereinafter "Dr. Kipreos"), by counsel, and files his Memorandum in Support of Response to Objection to Claim 67 ("Memorandum") stating as follows:

### Background

1. On April 4, 2016, the Court ordered the administrative consolidation of this bankruptcy case with other bankruptcy cases involving Pioneer Health Services affiliates, establishing as the Lead Case of Pioneer Health Services, Inc., Case No. 16-01119-NPO.

2. On May 3, 2016, Debtor, Pioneer Health Services of Patrick County, Inc. ("PHS of Patrick County") filed its schedules pursuant to § 521(a)(1), identifying Nicholas T. Kipreos has having an unsecured claim for $1,162.50, which was not scheduled as disputed, contingent, or unliquidated (See Case No. 16-01120-NPO, Dkt 59-1, p. 19, ¶ 3.104) (the "Claim of Dr. Kipreos").

---

[1] On April 6, 2016, the bankruptcy cases of Pioneer Health Services of Patrick County, Inc., No. 16-01120-NPO; Pioneer Health Services of Newton County, LLC, No. 16-01121-NPO; Pioneer Health Services of Stokes County, Inc., No. 16- 01122-NPO; Pioneer Health Services of Choctaw County, LLC, No. 16-01123-NPO; Pioneer Health Services of Oneida, LLC, No. 16-01124-NPO; and Pioneer Health Services of Monroe County, Inc., No. 16-01125-NPO, were administratively consolidated into the bankruptcy case of Pioneer Health Services, Inc., No. 16-01119-NPO. On April 15, 2016, the bankruptcy case of Pioneer Health Services of Early County, LLC, No. 16-01243-NPO was also administratively consolidated. The debtors in each of those cases are hereinafter referred to collectively as the "Debtors."

3. On this Court's Order (Dkt 145) approving PHS of Patrick County's motion to amend schedules in 16-01120-NPO, PHS of Patrick County amended its schedules E/F on July 27, 2018. The Claim of Dr. Kipreos was thereby amended to have an unsecured claim for the total amount of $9,230.40, of which $5,769.00 is a priority claim under § 507(a)(5) and § 507(a)(4) for unpaid PTO. The Claim of Dr. Kipreos is not scheduled as disputed, contingent, or unliquidated in the amended schedules (See Case No. 16-01120-NPO, Dkt 146, p. 5 ¶ 2.28, and pp. 6-8).

4. By filing its schedules and amended schedules, PHS of Patrick County duly filed the Claim of Dr. Kipreos as a proof of claim in Case No. 16-01120, prior to the claims bar deadline, and subsequently amended the Claim of Dr. Kipreos, with the Court's permission, on July 27, 2018.

5. Dr. Kipreos inadvertently, but timely, filed his proof of claim on July 6, 2016, in the claims register for the Lead Case No. 16-01119-NPO, as Claim No. 67, seeking priority status under 11 U.S.C. § 507(a)(4) for the wages he had earned within 180 days before the commencement of this case ("Claim No. 67").

6. The Claim of Dr. Kipreos, incorrectly states as follows: 1) that the claim has priority under § 507(a)(5) and § 507(a)(4) for unpaid PTO; and 2) that the total claim amount is only $9,230.40, and the priority amount is only $5,769.00.

7. Claim No. 67 correctly states as follows: 1) that the sole basis for priority is under § 507(a)(4)(A) for unpaid wages that were earned pre-petition within 180 days before the debtor filed its bankruptcy petition; and 2) that the total claim amount is $12,292.50, and the priority amount is also $12,292.50.

8.     Despite not filing his claim in the correct claims register, Claim No. 67 is the same claim as the Claim of Dr. Kipreos, which is a timely filed proof of claim in Case No. 16-01120-NPO, as a result of PHS of Patrick County's schedules and amended schedules E/F.

**Law**

Dr. Kipreos is not seeking to file a duplicate claim in the Lead Case but rather seeks only to have the Claim of Dr. Kipreos in Case No. 16-01120-NPO corrected to accurately reflect the nature of the priority, which is under § 507(a)(4) for unpaid wages earned pre-petition, to correct the amount of the claim, which is $12,292.50, and to correct the amount of the claim properly entitled to priority under § 507(a)(4), which is $12,292.50.

Under § 1111(a), a proof of claim is <u>deemed filed</u> under § 501 for any claim that appears in the schedules filed under § 521(a)(1), except a claim that is scheduled as disputed, contingent, or unliquidated.  Pursuant to Rule 3003(b)(1) a schedule of liabilities filed per § 521(a)(1) is prima facie evidence of the validity and amount of the claim of creditors, unless scheduled as disputed, contingent or unliquidated.  Further, Rule 3012 permits the Court to determine the amount of a claim entitled to priority under § 507 of the Code.

**Remedies**

Dr. Kipreos respectfully requests that the Court reclassify Claim No. 67 as a properly filed claim against PHS of Patrick County, where it is undisputed that he holds a valid and allowed claim.  Alternatively, Dr. Kipreos requests that he be granted leave to file a proof of claim to assert his claim in the correct case.  *See* Proof of Claim attached hereto as <u>Exhibit 1</u> and Supporting Documents attached hereto as <u>Exhibit 2</u> respectively.

On July 26, 2018, PHS of Patrick County was permitted by this Court to amend the allowed Claim of Dr. Kipreos to more accurately reflect its true nature as a priority claim.  As

evidenced by the recent amendment of PHS of Patrick County's schedules E/F on July 27, 2018, without objection from any interested party, there is no prejudice to the debtor or its creditors in Case No. 16-01120-NPO.

Dr. Kipreos is a former employee trying to recover what he is owed from PHS of Patrick County. He is not seeking a claim against multiple entities in the jointly administered bankruptcy cases of Pioneer Health Services. Dr. Kipreos simply wants the Claim of Dr. Kipreos, which is timely filed in Case No. 16-01120-NPO, to accurately reflect what he is owed for his wages earned pre-petition within 180 days before PHS of Patrick County filed its bankruptcy petition. Reclassification or leave of court to refile Claim No. 67 in the PHS of Patrick County case should be authorized to resolve this matter.

WHEREFORE, Nicholas T. Kipreos, prays that a suitable order be entered permitting the Claim of Dr. Kipreos to be amended for the amount and priority as asserted in his Claim Number 67, and for such further relief as the court deems equitable and just.

THIS the 7th day of August, 2018.

Respectfully submitted,

**NICHOLAS T. KIPREOS**

By:  /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:   (601) 510-2939
Email: dnoble@mmqnlaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically.

SO CERTIFIED, this the 7th day of August, 2018.

                                                /s/  *Douglas C. Noble*